SARA M. THORPE (SBN: 146529)
sthorpe@nicolaidesllp.com
SETH J. MANFREDI (SBN: 260893)
smanfredi@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, California 94104
Telephone:   (415) 745-3770
Facsimile:    (415) 745-3771

Attorneys for Plaintiff
EVEREST NATIONAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KENDRA ALEMAN, an individual; KMK COMMERCIAL LINES AGENCY, INC., a California Corporation; VARNA TRUCKING, INC., a California Corporation,<br><br>Defendants. | Case No. 5:18-cv-01429<br><br>**EVEREST NATIONAL INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY RELIEF, AND REIMBURSEMENT** |

/ / /

/ / /

/ / /

Plaintiff Everest National Insurance Company ("Everest") hereby alleges and seeks relief as follows:

## NATURE OF THE CLAIM

1. Under a full reservation of rights, Everest is defending KMK Commercial Lines Agency, Inc. ("KMK") and its principal, Kendra Aleman ("Aleman"), in a lawsuit arising out of the death of an employee of Varna Trucking, Inc. ("Varna"). Varna alleges KMK and/or Aleman negligently or fraudulently failed to procure workers' compensation insurance for Varna and falsely represented to Varna that workers compensation coverage was in place and would provide coverage for the workers' compensation claim arising out of the death of Varna's employee. Everest seeks rescission of insurance policies it issued to Aleman based on Aleman's misrepresentations and omissions of material information about her insurance brokerage business, including failing to disclose past disciplinary actions by authorities as a result of professional activities as an insurance broker. Everest also seeks a declaration that it has no duty to continue to defend or to indemnify the lawsuit against Aleman and KMK, and seeks reimbursement of amounts Everest pays defending the lawsuit.

## JURISDICTION

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 2201. There is complete diversity between the parties in that the plaintiff is a citizen of the States of Delaware and New Jersey and each of the defendants is a citizen of the State of California.

3. The amount in controversy exceeds $75,000, exclusive of interest and costs.

/ / /

/ / /

## VENUE

4. Venue in this Court is proper pursuant to 28 U.S.C. section 1391(b)(1) in that all defendants are residents of the State of California and at least one defendant resides in this judicial district. Venue is also proper pursuant to 28 U.S.C. section 1391(b)(2) in that the events giving rise to the claim occurred within this judicial district.

## PARTIES

5. Plaintiff Everest National Insurance Company is, and at all relevant times was, an insurance business incorporated under the laws of the State of Delaware with its principal place of business in the State of New Jersey.

6. Defendant KMK Commercial Lines Agency, Inc. is, and at all relevant times was, a corporation incorporated under the laws of the State of California with its principal place of business in the State of California, County of San Bernardino.

7. Defendant Kendra Aleman is, and at all relevant times was, a citizen of the State of California who resides in County of San Bernardino. Based on information and belief, Aleman is, and at all relevant times was, the sole shareholder, director, and officer of KMK.

8. Defendant Varna Trucking, Inc. is, and at all relevant times was, a corporation incorporated under the laws of the State of California with its principal place of business in the State of California, County of Los Angeles.

## GENERAL ALLEGATIONS

**Alvarez Lawsuit**

9. On April 20, 2017, the heirs and successors-in-interest to Jose Licea Alvarez (the "Alvarez Plaintiffs") filed suit against Varna and others titled *Alvarez, et al. v. Varna Trucking, Inc., et al.*, Superior Court of the

State of California for the County of Los Angeles, Case No. BC658477 (the "Alvarez Lawsuit"). The Alvarez Plaintiffs allege that, on September 11, 2015, Jose Licea Alvarez died in a trucking accident in the course and scope of his employment with Varna.

10. The Alvarez Plaintiffs also allege, among other things, that Varna failed to secure workers compensation insurance as required by California Labor Code section 3700.

11. On February 7, 2018, Varna filed a Cross-Complaint against Aleman and KMK. Varna alleges it entered into an agreement with Aleman whereby Aleman agreed to procure general liability and workers' compensation insurance for Varna. Varna contends it paid premiums to KMK for the insurance coverage. Varna also alleges KMK provided Varna with a Declaration of Coverage indicating the coverage was placed. However, Varna alleges Aleman and KMK never obtained workers' compensation coverage for Varna, and therefore Varna had no workers' compensation coverage for the Alvarez Plaintiffs' workers' compensation claim. Varna alleges that Aleman and KMK continued to falsely state that the coverage had been placed when it had not.

12. Varna asserts causes of action for negligence, fraud, and breach of contract against Aleman and KMK. Varna seeks general damages, punitive damages, and costs of suit.

**Misrepresentations in Applying for and Purchasing Everest Policies**

13. On August 2, 2016, Aleman filled out an Application for an Everest Errors & Omissions insurance policy (the "2016 Application"). In the Application, Aleman was asked several questions in the section titled "Qualifying Questions." The preface to the Qualifying Questions explained: "If any of the following are answered 'YES' then you are not eligible for this program." (Emphasis in Application.)

14. The Application asked at Question no. 1: "Within the last seven (7) years, have you had a state or federally regulated license revoked, restricted, or terminated for cause?" Aleman responded: "No."

15. The Application asked at Question no. 2:

> Within the last seven (7) years, (a) have you been a defendant or respondent to any consumer complaint or allegation that resulted in any type of settlement, adverse decision, enforcement action, adverse order, cease and desist order or disciplinary action; (b) have you been the subject of any investigation, inquiry or complaint by any federal, state or local regulatory agency; or (c) are you currently a defendant or respondent in any regulatory or consumer-related proceeding?

Aleman responded: "No."

16. The Application asked at Question no. 3:

> Within the last seven (7) years, have you been the subject of any investigation, inquiry, or complaint by any state or federal regulatory agency, or any other agency, alleging any violations of ethical conduct, prohibited sales practice, or breach of professional standards that resulted in any type of settlement, adverse decision, enforcement action, disciplinary sanction, or adverse order, such as a consent order, final order, or cease and desist-type order?

Aleman responded: "No."

17. The Application asked at Question no. 5: "Within the last seven (7) years, have you been censured, fined, reprimanded, or otherwise disciplined by a grantor of an accredited designation?" Aleman responded: "No."

18. If Aleman had answered "Yes" to any of Question nos. 1, 2, 3 or 5, her Application for insurance would have been declined.

19. The questions and answers were material to Everest's decision whether to insure the applicant.

COMPLAINT FOR RESCISSION, DECLARATORY RELIEF, AND REIMBURSEMENT

5

20.     Based upon Aleman's representations in the 2016 Application, Everest issued Certificate of Insurance no. FL5N104555002 to Aleman to be included as an insured under Mercer Financial Services Professional Insurance Agents Professional Liability Master Policy no. FL5N600000 (the "Master Policy") for the policy period August 3, 2016 to August 3, 2017 (the "2016-2017 Policy").

21.     On July 13, 2017, Aleman applied to renew her policy with Everest.  Aleman filled out an Application (the "2017 Application"), which contained the same "Qualifying Questions" as the 2016 Application. Aleman responded "No" to each of the "Qualifying Questions" in the 2017 Application, just as she had in the 2016 Application.

22.     The questions and answers in the 2017 Application were material to Everest's decision whether to insure the applicant.

23.     If Aleman had answered "Yes" to any of Questions nos. 1, 2, 3, or 5 in the 2017 Application, Everest would have denied the Application.

24.     Based on Aleman's representations in the 2017 Application, Everest issued Certificate of Insurance no. FL5N106388001 to Aleman, adding her as an insured to the Master Policy for the policy period July 13, 2017 to July 13, 2018 (the "2017-2018 Policy").

25.     In signing the 2016 Application and the 2017 Application, Aleman represented that the information contained in those Applications was true, accurate, and complete.  Aleman further affirmed that she understood and acknowledged that "if enrollment is accepted, Everest will have relied up on the truth, accuracy and completeness of the information and representations contained in each application."

26.     Aleman represented that if any Application contained "any misrepresentation or omission made with the intent to deceive, or which materially affects either the acceptance of the risk or the hazard assumed

under the policies, all coverage … issued to the applicant will be null and void."

27. At section six of the Master Policy ("Conditions"), letter "G" ("Representations"), the Master Policy states:

> **1.** The **Insureds** covered under a single **Certificate of Insurance** represent that all information and statements contained in the **Application** for such **Certificate of Insurance** are the **Insureds'** representations and are true, accurate and complete. All such information and statements are the basis of coverage under such **Certificate of Insurance** and shall be considered as incorporated into and made part of this policy. Such **Certificate of Insurance** is in reliance upon the truth, accuracy and completeness of such information and statements.
>
> **2.** In the event the **Application** for a **Certificate of Insurance** contains any misrepresentation or omission (i) made with the intent to deceive, or (ii) which materially affects either the acceptance of the risk or the hazard assumed by the Insurer under this policy, then such **Certificate of Insurance** and all coverage afforded thereunder shall be void *ab initio* as to all **Insureds** thereunder.

28. After receiving the Certificates of Insurance for the 2016-2017 Policy (which included the Application and her responses to the Qualifying Questions), Aleman did not contact Everest to indicate there was a mistake or misinformation provided in applying for the 2016-2017 Policy.

29. After receiving the Certificate of Insurance for the 2017-2018 Policy (which included the Application and her responses to the Qualifying Questions), Aleman did not contact Everest to indicate there was a mistake or misinformation provided in applying that policy.

COMPLAINT FOR RESCISSION, DECLARATORY RELIEF, AND REIMBURSEMENT
7

30. Everest relied on Aleman's representations and her lack of any corrections to her Applications, and issued the Certificates adding Aleman as an insured under the Master Policy.

31. The Master Policy defines "Insured" to include "any corporation, partnership, or other business entity owned or controlled by such 'Named Insured' [i.e., Aleman], solely with respect to the liability of such entity as it arises out of the rendering of or failing to render 'Professional Services' by such 'Named Insured.'" (Master Policy, Section III – Definitions, I.2.) Thus, KMK is an "Insured" under the 2017-2018 Policy with respect to the Varna-Cross-Complaint.

**Tender of Alvarez Lawsuit**

32. On behalf of herself and KMK, Aleman tendered the defense and indemnity of the Varna Cross-Complaint in the Alvarez Lawsuit to Everest on March 16, 2018.

33. On March 21, 2018, Everest responded to Aleman's tender, acknowledging receipt and informing Aleman that Everest was evaluating and investigating coverage for the Alvarez Lawsuit under a full reservation of rights.

34. Everest immediately retained defense counsel to represent Aleman and KMK against Varna's Cross-Complaint in the Alvarez Lawsuit.

35. During its investigation and evaluation of coverage for the Alvarez Lawsuit, Everest discovered Aleman had been the subject of disciplinary action by authorities as a result of her professional activities as an insurance broker, including at least the following disciplinary actions:

- On September 30, 2015, the Insurance Commissioner of the State of California revoked Aleman's license and issued

her a restricted license based in part on issuance of false insurance certificates[1];

- On March 3, 2016, the Oregon Department of Consumer and Business Services Division of Financial Regulation assessed a $500 penalty against Aleman for failing to identify a prior administrative action on her insurance license application[2]; and

- On March 17, 2016, the Wisconsin Office of the Commissioner of Insurance denied Aleman's insurance license application for failing to disclose in her application administrative actions taken against her by the states of California and North Dakota.[3]

36. These disciplinary actions were the type of information Everest asked about in the Application for insurance and which Aleman failed to disclose when filling out the Applications.

37. Thereafter, Everest sent a letter to Aleman, explaining that Everest would continue to defend Aleman and KMK against the Varna Cross-Complaint in the Alvarez Lawsuit under the 2017-2018 Policy subject to a full reservation of rights, including the right to withdraw from the defense and seek reimbursement of amounts paid on behalf of Aleman and KMK. However, in its letter, Everest identified misrepresentations and omissions that Aleman had made in the 2017 Application, and reserved its rights, including to rescind the Everest Policies as a result of the misrepresentations and omissions of material information that Everest had discovered during its investigation.

/ / /

---

[1] See California Insurance Commissioner's Decision at https://legaldocs.insurance.ca.gov/CyberDOCS/Libraries/DOCS_WEB/Common/viewdocdsp.asp?doc=260819&lib=DOCS_WEB&version=265519&mimetype=APPLICATION%2FPDF&file=.pdf&rendition=html&MSOESPq330994WA=x.mht

[2] See the Director of the Department of Consumer and Business Services for the State of Oregon's Decision at http://www.cbs.state.or.us/ins/admin_actions/actions_2016/producer_2016/INS-16-0089.pdf

[3] See Wisconsin Office of the Commissioner of Insurance's Order at https://ociaccess.oci.wi.gov/orders/16c41189.pdf

## FIRST CAUSE OF ACTION

### (For Rescission of 2016-2017 Policy)

38. Everest re-alleges and incorporates by reference the allegations in paragraphs 1 to 37, as though set forth fully here.

39. Aleman made material misrepresentations and omissions in her 2016 Application. Those misrepresentations and omissions include failing to disclose prior disciplinary actions, including, but not limited to, the misrepresentations and omissions identified above.

40. Everest would not have issued the Certificate for the 2016-2017 Policy to Aleman had Aleman answered truthfully in filling out the 2016 Application about the disciplinary actions against Aleman as a result of Aleman's professional activities as an insurance broker.

41. Everest will refund to Aleman the premium received in connection with issuing the 2016-2017 Policy.

42. Based upon the material misrepresentations and omissions, Everest requests a declaration and order that the 2016-2017 Policy is rescinded *ab initio* and void as of its inception date.

Wherefore, Everest prays for relief as is set forth below.

## SECOND CAUSE OF ACTION

### (For Rescission of the 2017-2018 Policy)

43. Everest re-alleges and incorporates by reference the allegations in paragraphs 1 to 37, as though set forth fully here.

44. Aleman made material misrepresentations and omissions in her Application for the 2017-2018 Policy. Those misrepresentations and omissions include failing to disclose prior disciplinary actions, including, but not limited to, the misrepresentations and omissions identified above.

45. Everest would not have issued the 2017-2018 Policy to Aleman had Aleman stated the true facts in filling out the 2017 Application

about the disciplinary actions against Aleman as a result of Aleman's professional activities as an insurance broker.

46. Everest will refund to Aleman the premium received in connection with issuing the 2017-2018 Policy.

47. Based upon the material misrepresentations and omissions, Everest requests a declaration and order that the 2017-2018 Policy is rescinded *ab initio* and void as of its inception date.

Wherefore, Everest prays for relief as is set forth below.

### THIRD CAUSE OF ACTION

**(For Declaratory Relief –**

**No Duty to Indemnify or Defend – 2017-2018 Policy)**

48. Everest re-alleges and incorporates by reference the allegations in paragraphs 1 to 37, and paragraphs 43 to 47, as though set forth fully here.

49. Because the 2017-2018 Policy is rescinded *ab initio* due to Aleman's misrepresentations and omissions in applying for the 2017-2018 Policy, Everest has no duty to defend or indemnify KMK or Aleman with respect to the Varna Cross-Complaint in the Alvarez Lawsuit.

50. Upon information and belief, Defendants may contend otherwise.

51. An actual controversy exists between Everest and Defendants.

52. Everest seeks a judicial determination and order that Everest has no duty to defend or indemnify KMK or Aleman with respect to the Varna Cross-Complaint in the Alvarez Lawsuit because the 2017-2018 Policy is rescinded and void *ab initio* due to Aleman's misrepresentations and omissions in applying for the 2017-2018 Policy.

Wherefore, Everest prays for relief as is set forth below.

///

## FOURTH CAUSE OF ACTION

**(For Reimbursement, Restitution, Quasi-Contract**

**Against Defendants Aleman and KMK)**

53. Everest re-alleges and incorporates by reference the allegations in paragraphs 1 to 37, and paragraphs 43 to 52, as though set forth fully here.

54. Everest has paid, and continues to pay, costs to defend Aleman and KMK in connection with the Varna Cross-Complaint in the Alvarez Lawsuit, in an amount according to proof.

55. In making payments of defense costs, Everest reserved its rights to seek reimbursement of amounts paid to defend or otherwise paid on behalf of Aleman and KMK.

56. Upon rescission of the Policy, the insureds' rights under the Policy are extinguished *ab initio*. As such, there was never any coverage for the Varna Cross-Complaint in the Alvarez Lawsuit and no benefits were payable.

57. Upon determination that there was never any duty to defend under the Policy, Aleman and KMK have an obligation to repay amounts paid by Everest on their behalf.

58. Everest is entitled to reimbursement of the amounts it paid to defend Aleman and KMK against the Varna Cross-Complaint in the Alvarez Lawsuit.

59. Everest seeks a judicial determination that it is entitled to an order requiring reimbursement of amounts Everest paid on behalf of Aleman and KMK with respect to the Varna Cross-Complaint in the Alvarez Lawsuit, according to proof.

Wherefore, Everest prays for relief as is set forth below.

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Everest prays for entry of judgment and relief as follows:

1. A declaration and order that the 2016-2017 Policy is rescinded and void *ab initio* (upon return to Aleman of the premium for the Policy);

2. A declaration and order that the 2017-2018 Policy is rescinded and void *ab initio* (upon return to Aleman of the premium for the Policy);

3. A declaration and order that Everest has no duty to defend or indemnify KMK or Aleman with respect to Varna's Cross-Complaint in the Alvarez Lawsuit because the 2017-2018 Policy is rescinded and void *ab initio*;

4. A declaration and order that Aleman and KMK are to reimburse Everest for amounts Everest paid in defense of the Varna Cross-Complaint in the Alvarez Lawsuit or otherwise paid on Aleman and KMK's behalf, according to proof;

5. Costs of suit; and

6. Such other relief as this Court deems just and proper.

Dated: July 5, 2018

NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP

By: _____/s/ Seth J. Manfredi_____
Sara M. Thorpe
Seth J. Manfredi
Attorneys for Everest National Insurance Company

COMPLAINT FOR RESCISSION, DECLARATORY RELIEF, AND REIMBURSEMENT
13