| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:18-cv-1429-CAS (SPx) | Date | May 15, 2019 |
| Title | EVEREST NATIONAL INSURANCE COMPANY v. KENDRA ALEMAN ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Dkt. [ 25 ], filed on March 28, 2019)

## I. INTRODUCTION

Plaintiff Everest National Insurance Company brought this action against defendants Kendra Aleman ("Aleman") and KMK Commercial Lines Agency, Inc. ("KMK"), an insurance brokerage business, on July 5, 2019. Dkt. 1 ("Compl."). Pursuant to an "Errors and Omissions" insurance policy, issued to defendants by plaintiff (the "Policy"), plaintiff defended KMK and its principal, Aleman, in a lawsuit filed by Varna Trucking, Inc ("Varna").[1] However, after discovering that Aleman misrepresented and/or omitted material information about her insurance brokerage business when she applied for the Policy, plaintiff filed suit, seeking (1) rescission of the insurance policies issued to Aleman; (2) a declaration that plaintiff had no duty to continue to defend or to indemnify the lawsuit against Aleman and KMK; and (3) reimbursement of amounts paid to defend Aleman and KMK in a lawsuit brought by Varna. Id. at ¶¶ 38–59.

After defendants failed to respond to plaintiff's complaint, on November 14, 2018, plaintiff requested the Clerk to enter default against Aleman and KMK. Dkts. 20, 21. Pursuant to plaintiff's request, the Clerk entered default on November 15, 2018. Dkt. 23. On March 28, 2019, plaintiff filed the instant motion for default judgment, along with supporting declarations and exhibits. Dkt. 25 ("Mot."). Plaintiff's motion was unopposed.

---

[1] Initially, plaintiff also filed suit against Varna, but plaintiff and Varna subsequently stipulated to dismiss Varna as a defendant. Dkts. 22, 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:18-cv-1429-CAS (SPx) | Date | May 15, 2019 |
| Title | EVEREST NATIONAL INSURANCE COMPANY v. KENDRA ALEMAN ET AL. | | |

Having carefully reviewed the complaint, the motion, and plaintiff's supporting declarations and exhibits, the Court finds and concludes as follows.

## II. BACKROUND

Plaintiff Everest National Insurance Company is an insurance business incorporated under the laws of the state of Delaware, with its principal place of business in the state of New Jersey. Compl. ¶ 5. Defendant Aleman is the sole shareholder, director and officer of KMK, an insurance brokerage firm which is incorporated under the laws of the State of California and with its principal place of business in California. Id. ¶¶ 6 – 7.

### A. Plaintiff Issues an Errors and Omissions Insurance Policy to Defendants

Aleman applied for an Everest Errors and Omissions insurance policy on August 2, 2016. Id. ¶ 13. At that time, she was required to answer qualifying questions, which determined her eligibility for insurance coverage (the "Qualifying Questions"). The questionnaire included the following four questions:

(1) Within the last seven (7) years, have you had a state or federally regulated license revoked, restricted, or terminated for cause?

(2) Within the last seven (7) years, (a) have you been a defendant or respondent to any consumer complaint or allegation that resulted in any type of settlement, adverse decision, enforcement action, adverse order, cease and desist order or disciplinary action; (b) have you been the subject of any investigation, inquiry or complaint by any federal, state or local regulatory agency; or (c) are you currently a defendant or respondent in any regulatory or consumer-related proceeding?

(3) Within the last seven (7) years, have you been the subject of any investigation, inquiry, or complaint by any state or federal regulatory agency, or any other agency, alleging any violations of ethical conduct, prohibited sales practice, or breach of professional standards that resulted in any type of settlement, adverse decision, enforcement action, disciplinary sanction, or adverse order, such as a consent order, final order, or cease and desist-type order?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:18-cv-1429-CAS (SPx) | Date | May 15, 2019 |
|---|---|---|---|
| Title | EVEREST NATIONAL INSURANCE COMPANY v. KENDRA ALEMAN ET AL. | | |

(4)    Within the last seven (7) years, have you been censured, fined, reprimanded, or otherwise disciplined by a grantor of an accredited designation?

Id. ¶¶ 14–17. To each of these four questions, Aleman answered "No." Id.

Subsequently, in reliance on Aleman's representations, plaintiff issued Aleman Certificate of Insurance No. FLN104555002, which provided insurance under Mercer Financial Services Professional Insurance Agents Professional Liability Master Policy No. FL5N600000. The applicable policy period was August 3, 2016 to August 3, 2017. Id. ¶¶ 20, 30. On July 13, 2017, Aleman applied to renew her policy, and at that time she replied "No" to the same aforementioned Qualifying Questions. Id. Plaintiff then issued Certificate of Insurance No. FL5N106388001, effectively renewing her application for another year. Id. at 24. These policies also applied to KMK, as the policy defined "Insureds" to include "any corporation, partnership, or other business entity owned or controlled by such 'Named Insured' [i.e. Aleman]," with respect to liability arising out of the professional services provided by the named insured. Id. ¶ 31.

Plaintiff alleges that, had Aleman answered "Yes" to any of the aforementioned Qualifying Questions in 2016 or in 2017, her applications for insurance would have been denied. Id. ¶¶ 18, 23. Plaintiff further claims that, by having responded "No" to each of the Qualifying Questions, she "represented that the information contained in [her application] was true, accurate, and complete. Aleman further affirmed that she understood and acknowledged that, 'if enrollment is accepted, Everest will have relied up on the truth, accuracy and completeness of the information and representations contained in each application.'" Id. ¶¶ 14–17, 25. She was also apprised of the condition that any misrepresentations or omissions, made with the intent to deceive, and which materially affect plaintiff's acceptance of risk, would render her coverage "null and void." Id. ¶¶ 26–27.

### B.    Plaintiff Defends Defendants in the Varna Lawsuit and Learns of Prior Disciplinary Actions Taken by Authorities

After Varna was sued in a fatal personal injury suit, brought by the heirs and successors-in-interest of a former employee, see Alvarez, et al. v. Varna Trucking, Inc., et al., Superior Court of California for the County of Los Angeles, Case No. BC658477, Varna filed a cross-complaint against Aleman and KMK, compl. ¶¶ 9, 11. In the cross-complaint filed on February 7, 2018, Varna alleged that Aleman failed to procure general

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:18-cv-1429-CAS (SPx) | Date | May 15, 2019 |
|---|---|---|---|
| Title | EVEREST NATIONAL INSURANCE COMPANY v. KENDRA ALEMAN ET AL. | | |

liability and workers' compensation insurance for Varna, despite the fact that Varna paid premiums to KMK for this coverage. Id. ¶ 11. Varna further claimed that KMK provided Varna a Declaration of Coverage which indicated that coverage was procured, and that KMK falsely represented to Varna that there was coverage for a workers' compensation claim even after the personal injury suit was filed. Id. Varna asserted claims against Aleman and KMK for negligence, fraud, and breach of contract. Id.

On March 16, 2018, Aleman tendered the defense and indemnity of the Varna Cross-Complaint to plaintiff. Id. ¶ 32; Dkt. 25-7 Declaration of Patricia Daza-Luu ("Daza-Luu Decl."), Ex. C. On March 21, 2018, plaintiff responded that it was evaluating and investigating coverage, under a full reservation of rights. Id. ¶ 33. Plaintiff then retained defense counsel to represent Aleman and KMK, and began its investigation. Id. ¶ 34.

During its investigation, plaintiff discovered that Aleman had been the subject of at least three disciplinary actions in the past four years. Id. ¶ 35.[2] Plaintiff explains that, "these disciplinary actions were the type of information Everest asked about in the Application for insurance and which Aleman failed to disclose when filling out the Applications." Id. ¶ 36. Upon discovering these disciplinary actions, plaintiff notified defendants, in a letter, as to Aleman's misrepresentations and explained that, while plaintiff would continue to defend Aleman and KMK against the Varna Cross-Complaint, it defended defendants subject to a full reservation of rights, including the right to withdraw from the defense and to seek reimbursement of amounts paid on behalf of Aleman and KMK. Id. ¶ 37. Plaintiff does not indicate whether defendants responded to this letter.

---

[2] Specifically, "[o]n September 30, 2015, the Insurance Commissioner of the State of California revoked Aleman's license and issued her a restricted license based in part on issuance of false insurance certificates; [o]n March 3, 2016, the Oregon Department of Consumer and Business Services Division of Financial Regulation assessed a $500 penalty against Aleman for failing to identify a prior administrative action on her insurance license application; and [o]n March 17, 2016, the Wisconsin Office of the Commissioner of Insurance denied Aleman's insurance license application for failing to disclose in her application administrative actions taken against her by the states of California and North Dakota." Id. ¶ 35.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:18-cv-1429-CAS (SPx) | Date | May 15, 2019 |
|---|---|---|---|
| Title | EVEREST NATIONAL INSURANCE COMPANY v. KENDRA ALEMAN ET AL. | | |

On July 5, 2018, plaintiff filed this action. Plaintiff contends that "Aleman's material misrepresentations and omissions in applying for the 2016 – 2017 and 2017 – 2018 Policies entitles Everest to rescind the policy rendering it void *ab initio*," mot. at 8, and it requests rescission of the 2016–2017 and 2017–2018 Policies, a declaration that it had no duty to defend or indemnify the lawsuit against defendants, and reimbursement from defendants of the amounts plaintiff paid to defend the lawsuit. Id. ¶¶ 43–59. Plaintiff has now returned all premiums previously paid by Aleman. Mot. at 9; Dkt. 25-2, Declaration of Matthew W. Strauss ("Strauss Decl."), Ex. B. The Varna litigation has also now concluded, and plaintiff paid $29,615.10 in defense of KMK and Aleman, which it seeks to recover. Mot. at 2; see also Strauss Decl., Ex. A ("Legal Fees").[3]

Following defendants' failure to respond, plaintiff sought a clerk's default on November 14, 2018, and the clerk entered default on November 15, 2018. Dkts. 21, 23. Because the amount of the judgment is uncertain, plaintiff seeks default judgment through the Court, rather than the Clerk. Fed. R. Civ. P. § 55(b)(1), (2).

### III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge Beverly Reid O'Connell & Judge Karen L. Stevenson, California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2017) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entertainment, Inc. v. Elias, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

---

[3]   The Alvarez lawsuit settled for $500,000, which plaintiff paid. Mot. at 11. Plaintiff does not seek to recover this amount.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 5:18-cv-1429-CAS (SPx) | Date | May 15, 2019 |
|---|---|---|---|
| Title | EVEREST NATIONAL INSURANCE COMPANY v. KENDRA ALEMAN ET AL. | | |

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

## IV.  DISCUSSION

Plaintiff seeks rescission of the 2016–2017 and 2017–2018 Policies, a declaration that it had no duty to defend or indemnify the lawsuit against defendants, and reimbursement from defendants of the amounts plaintiff paid to defend the lawsuit, which total $29,615.10.

### A.  Application of the Eitel Factors

#### 1.  Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Here, given defendants' failure to litigate this case, plaintiff "will likely be without other recourse for recovery" if default judgment is not entered. Pepsi, 238 F. Supp. 2d at 1177. Accordingly, the first Eitel factor weighs in favor of entering default judgment.

#### 2.  Sufficiency of the Complaint and the Likelihood of Success on the Merits

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 5:18-cv-1429-CAS (SPx) | Date | May 15, 2019 |
| Title | EVEREST NATIONAL INSURANCE COMPANY v. KENDRA ALEMAN ET AL. | | |

560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

Based on Aleman's alleged misrepresentations and omissions, plaintiff seeks rescission of the 2016–2017 and 2017–2018 Policies, a declaration that it had no duty to defend or indemnify defendants in the Varna Cross-Complaint, and reimbursement from defendants of the amounts plaintiff paid to defend the lawsuit, which total $29,615.10. Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of an interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." Under California law, "a material misrepresentation or concealment in an insurance application, whether intentional or unintentional, entitles the insurer to rescind the insurance policy *ab initio*." W. Coast Life Ins. Co. v. Ward, 132 Cal. App. 4th 181, 186–87 (2005) (citing O'Riordan v. Fed. Kemper Life Assurance, 36 Cal. 4th 281, 286–87 (2005)); see also Cal. Ins. Code § 331 (West 2019) ("Concealment, whether intentional or unintentional, entitles the injured party to rescind insurance."); Cal. Ins. Code § 359 (West 2019) ("If a representation is false in a material point, whether affirmative or promissory, the injured party is entitled to rescind the contract from the time the representation becomes false."). These rules apply "even [if] the insured's misstatements were the result of negligence or, indeed, the product of innocence." Imperial Cas. & Indem. Co. v. Sogomonian, 198 Cal. App. 3d 169, 182 n.10 (Ct. App. 1988) (citing Barrera v. State Farm Mut. Automobile Ins. Co. 71 Cal.2d 659, 666, fn. 4 (1969)).

On the issue of materiality, "[m]ateriality is determined solely by the probable and reasonable effect which truthful answers would have had on the insurer." Thompson v. Occidental Life Ins. Co., 9 Cal. 3d 904, 916 (1973); see also Cal. Ins. Code § 334 (West 2019). The fact that an insurer has demanded answers to specific questions on an application for insurance is usually sufficient to establish the materiality of that information as a matter of law. W. Coast Life Ins. Co., 132 Cal. App. 4th at 187 (quoting Old Line Life. Ins. Co. v. Superior Court, 229 Cal. App. 3d 1600, 1603–04 (1991)).

The California Supreme Court has held that an insurer may seek reimbursement for defense costs paid to defend claims for which there was no duty to defend, but this right "*must* indeed be reserved. Buss v. Superior Court, 16 Cal. 4th 35, 61 n.27 (1997)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 5:18-cv-1429-CAS (SPx) | Date | May 15, 2019 |
| Title | EVEREST NATIONAL INSURANCE COMPANY v. KENDRA ALEMAN ET AL. | | |

(emphasis in the original)(explaining that, "[t]hrough reservation, the insurer gives the insured notice of how it will, or at least may, proceed and thereby provides it an opportunity to take any steps that it may deem reasonable or necessary in response—including whether to accept defense at the insurer's hands and under the insurer's control").

The Court finds that the second and third Eitel factors weigh in favor of entering default judgment against defendants. Plaintiff has alleged that Aleman twice falsely responded to four questions as to her prior disciplinary record. Compl. ¶¶ 13–17, 21, 35–36. Had Aleman disclosed the disciplinary actions previously filed against her, plaintiff states that it would not have accepted her applications for insurance. Id. ¶¶ 18, 23. It further alleges that Aleman was aware of the fact that material omissions and misrepresentations could render her policy void *ab initio*. Id. ¶¶ 25–26. In light of plaintiff's express questions on this issue, the Court finds Aleman's omissions to be material. See W. Coast Life Ins. Co., 132 Cal. App. 4th at 187. Accordingly, under California law, plaintiff my rescind the 2016–2017 and 2017–2018 policies *ab initio*. Plaintiff therefore had no duty to defend defendants in the Varna Cross-Complaint.

Plaintiff also alleged that it notified defendants that it had discovered Aleman's misrepresentations and would continue to defend them in the Varna Cross-Complaints subject to a full reservation of its rights, which included the right to withdraw from the defense and to seek reimbursement of the amounts paid on defendants' behalf. Compl. ¶ 37. Plaintiff does not report whether defendants responded to the letter, but there is no indication that defendants directed plaintiff to change its course. Plaintiff also claimed that it returned the premiums paid by defendants and it produced exhibits in support of this claim. See Strauss Decl., Ex. B. Plaintiff has therefore alleged facts which demonstrate that it is entitled to reimbursement.

### 3. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14–cv–09421–MMM (PJW), 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04–cv–02559–JSW, 2006 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:18-cv-1429-CAS (SPx) | Date | May 15, 2019 |
| Title | EVEREST NATIONAL INSURANCE COMPANY v. KENDRA ALEMAN ET AL. | | |

2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Plaintiff seeks to recover $29,615.10 as reimbursement of the amounts plaintiff paid to defend defendants in the Varna Cross-Complaint lawsuit. In support of its request, plaintiff has produced a chart, detailing the amount paid to the law firm Lewis Brisbois Bisgaard & Smith LLP, which plaintiff retained to represent defendants in the Varna matter. Strauss Decl. ¶ 7. The Court finds that the sum of money at stake is reasonable and proportional to the seriousness of defendants' conduct, particularly because plaintiff merely seeks reimbursement for a service provided for defendants. The fourth Eitel factor thus favors the entry of a default judgment.

### 4. Possibility of a Dispute Concerning a Material Fact

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. Here, plaintiff has not produced the initial questionnaires, in which Aleman allegedly failed to disclose the disciplinary actions previously taken against her. Plaintiff similarly has not produced a copy of the letter, in which plaintiff notified defendants that plaintiff would continue to defend them in the Varna Cross-Complaints, subject to a full reservation of plaintiff's rights. However, having defaulted, defendants have now admitted all factual allegations contained in the complaint, and therefore no genuine dispute of material facts exists which would preclude granting the motion. See Elektra, 226 F.R.D. at 393. This factor thus weighs in favor of entering default judgment.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. The possibility of excusable neglect here is remote. Defendant Aleman was served with the summons and complaint on July 9, 20198; plaintiff left a copy of the summons and complaint at the address of her business with the person in charge of the business, pursuant to California Code of Civil Procedure § 415.20, and plaintiff mailed the summons and complaint to Aleman's business address. Dkt. 14. Plaintiff served KMK's registered agent on July 31, 2018. Dkt. 15. Default was entered on November

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 5:18-cv-1429-CAS (SPx) | Date | May 15, 2019 |
| Title | EVEREST NATIONAL INSURANCE COMPANY v. KENDRA ALEMAN ET AL. | | |

15, 2018. Dkt. 23. After filing this motion for the entry of default judgment, Aleman and KMK were provided notice of this motion via personal service, mail, and email. Daza-Luu Decl. ¶14; dkts. 26, 27. Defendant has neither responded to this action nor attempted to have the default set aside. Where a defendant "[is] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," there is little possibility of excusable neglect. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Accordingly, this factor weighs in favor of entry of default judgment.

### 6.     Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court weighs the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. Of course, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). Rule 55(a) permits a court to decide a case before the merits are heard if a defendant fails to defend the suit. Here, defendants' failure to retain counsel and defend this action makes a decision on the merits impractical, if not impossible. Thus, the seventh Eitel factor does not preclude the entry of default judgment.

### 7.     Conclusion Regarding Eitel Factors

Apart from the policy favoring decisions on the merits, all of the remaining Eitel factors weigh in favor of default judgment, including the merits of plaintiffs' claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all of the Eitel factors, the Court finds that entry of default judgment is appropriate.

### B.     Relief Sought by Plaintiffs

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (internal quotation marks omitted). The "[p]laintiff has the burden of proving damages through testimony or written affidavit." See Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc., No. 04-02841 CW, 2005 WL 433462, at *2 (N.D. Cal. Feb. 24, 2005). Here, plaintiff seeks a moderate amount of damages, which total $29,615.10, and has provided

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 5:18-cv-1429-CAS (SPx) | Date | May 15, 2019 |
|---|---|---|---|
| Title | EVEREST NATIONAL INSURANCE COMPANY v. KENDRA ALEMAN ET AL. | | |

a declaration to substantiate its requested relief. Specifically, plaintiff has provided a detailed account of the costs it incurred in its defense of Aleman and KMK, along with the check numbers that it issued to pay counsel. The Court is satisfied that plaintiff has adequately proven its damages.

In addition to these damages, plaintiff requests a judgment declaring the 2016–2017 and 2017–2018 Policies to be null and void and rescinded *ab initio*. Plaintiff also requests a declaration that it had no duty to defend or indemnify the lawsuit against defendants. As discussed above, plaintiff has shown that, under California law, it is entitled to this relief. See Section IV(A)(2).

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment.

The Court **ORDERS** that judgment be entered in favor of plaintiffs. Defendants shall be liable to plaintiff in the amount of $29,615.10. The 2016–2017 and 2017–2018 Policies are hereby rescinded *ab initio*, and the Court declares that plaintiff had no duty to defend or indemnify the lawsuit against defendants.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |